PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TYRONE WALLS,

*Plaintiff-Appellee,*

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

*Defendant-Appellant.*

No. 01-2459

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Jillyn K. Schulze, Magistrate Judge.
(CA-00-3375-JFM)

Argued: May 9, 2002

Decided: July 15, 2002

Before TRAXLER, Circuit Judge, C. Arlen BEAM,
Senior Circuit Judge of the United States Court of Appeals
for the Eighth Circuit, sitting by designation, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Senior Judge Beam wrote the opinion, in which Judge Traxler and Judge Payne joined.

## COUNSEL

**ARGUED:** Kathleen Anne Kane, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington,

D.C., for Appellant. Dennis E. Wasitis, LAW OFFICE OF JOAN A. BIRMINGHAM, Baltimore, Maryland, for Appellee. **ON BRIEF:** Robert D. McCallum, Assistant Attorney General, Thomas M. DiBiagio, United States Attorney, John C. Hoyle, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Joan A. Birmingham, LAW OFFICE OF JOAN A. BIRMINGHAM, Baltimore, Maryland, for Appellee.

## OPINION

BEAM, Senior Circuit Judge:

The Commissioner of Social Security (Commissioner) appeals the order of the magistrate judge[1] vacating and remanding the administrative law judge's (ALJ) decision to uphold the Commissioner's denial of benefits to Tyrone Walls. The Commissioner contends that the district court would require her to support her decision with a greater measure of proof than that mandated by statute. We agree and affirm the Commissioner's final order.

### I.

After the Commissioner denied Walls' claim for disability benefits, Walls requested a hearing before the ALJ. The ALJ determined that Walls has the severe impairment of Crohn's disease, and that his condition requires that he be able to sit or stand at his option during a period of time equivalent to a full-time work shift. The ALJ ultimately found, based on the testimony of a vocational expert (VE), that there are a significant number of jobs in the national economy that Walls can perform. Accordingly, the ALJ concluded that Walls is not disabled within the meaning of the Social Security Act (the Act). The Appeals Council denied Walls' request for review, thus making the ALJ's determination the final decision of the Commissioner. Walls sought review of the final decision denying his claim,

---

[1]Pursuant to 28 U.S.C. § 636(c), the parties consented to final district court disposition by the assigned magistrate judge.

and both he and the Commissioner moved for summary judgment. Determining that the VE's testimony lacked sufficient clarity to support a finding that Walls can work despite his need to sit or stand at his option, the district court denied both motions for summary judgment and remanded the matter for further consideration.[2] The Commissioner now appeals that decision.

## II.

Social Security Ruling (SSR or Ruling) 83-12 recognizes that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." Therefore, "[i]n cases of unusual limitation of ability to sit or stand, a [VE] should be consulted to clarify the implications for the occupational base." SSR 83-12.

Determination of eligibility for social security benefits involves a five-step inquiry. *Mastro v. Apfel*, 270 F.3d 171, 177 (4th Cir. 2001). At step five, the agency has the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform. *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

---

[2]Ordinarily, under 28 U.S.C. § 1291 denial of a motion for summary judgment by the district court constitutes a tentative, nonfinal and nonappealable decision. *Group Health Inc. v. Blue Cross Ass'n*, 793 F.2d 491, 496 (2d Cir. 1986). However, in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards. *Vaile v. Chater*, 916 F. Supp. 821, 823 n.2 (N.D. Ill. 1996) (citing *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1501 (10th Cir. 1992)). In this case, the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable. *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990). *But cf. Harper v. Bowen*, 854 F.2d 678, 680 (4th Cir. 1988) (finding that although under certain circumstances a remand order may be appealable, "several factors" in the case "militate[d] against appellate review"). Accordingly, we have jurisdiction pursuant to 28 U.S.C. § 1291.

The ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Consequently, judicial review, either by this court or the district court, of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985). In assessing whether there is substantial evidence, the reviewing court should not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of'" the agency. *Mastro*, 270 F.3d at 176 (citation omitted) (alteration in original).

In the matter before us, at step five of his analysis, the ALJ set forth five hypothetical scenarios, en masse, and asked the VE to address them. Included was the ALJ's directive to the VE that "[i]n hypothetical number 3, [the ALJ would] like [the VE] to make it more restrictive in the sense of providing for no prolong[ed] walking and standing but with . . . the allowance for a . . . sit, stand option at the claimant's discretion." After the ALJ completed his list of hypotheticals, the VE responded that "in hypothetical number 3," he would eliminate all medium jobs, reduce the light jobs by fifty percent, and include all sedentary jobs.

The ALJ made no specific findings regarding the effect of the sit/stand provision. He did, however, adopt the VE's calculations of the number of jobs in the local and national economies, which included the reductions prompted by "hypothetical number 3." The ALJ concluded that the Commissioner had satisfied her burden at step five in that Walls could perform "'other work' identified by the impartial vocational expert at the light and . . . sedentary exertional levels."

In evaluating the ALJ's findings regarding step five, the district court found a contradiction between the VE's testimony and SSR 83-12's reference to the difficulty of finding unskilled jobs that allow a sit/stand option. The court reasoned that the VE's testimony that Walls could perform certain unskilled light or sedentary jobs "contradicts, or at least creates an exception to, [SSR 83-12's] statement that [unskilled light or sedentary] jobs are 'particularly structured' to pre-

clude [the sit/stand] option." Consequently, the court found it necessary to determine "what is the necessary content of, and level of scrutiny to be applied to, contradictory VE testimony."

The court found pertinent case law to be lacking and looked to the Seventh Circuit's decision in *Powers* for guidance. In *Powers*, the court found that the VE's testimony provided substantial evidence to support the hearing officer's finding that a number of jobs matching the claimant's need for a sit/stand option existed in the economy. 207 F.3d at 436-37. The claimant had contended that it was unclear whether the expert's testimony as to the number of jobs available in the economy included a sit/stand option and matched the claimant's skill level. *Id.* at 436. The Seventh Circuit responded that "[t]o argue . . . that the expert's testimony was 'unclear' ignores the express limitation in the hearing officer's questions to the expert that clearly stated the conditions under which the opinion was to be expressed." *Id.*

In the present case, the court distinguished the result in *Powers*, but simultaneously relied upon the Seventh Circuit's reasoning, pointing out that in *Powers*, the court deemed the VE testimony sufficient only after noting "that the VE testimony was given in response to a hypothetical 'asked expressly,' with 'clearly stated . . . conditions.'" *Walls v. Barnhart*, No. JFM 00-3375, mem. op. at 6 (D. Md. Oct. 4, 2001) (quoting *Powers*, 207 F.3d at 436). The court went on to state that "[t]here is good reason to require special clarity when a VE testifies that a person who needs a sit/stand option can perform unskilled light or sedentary jobs. The testimony contradicts, or at least creates an exception to, the Ruling's statement that such jobs are 'particularly structured' to preclude that option."

"Special clarity" is not called for by the Act. 42 U.S.C. § 405(g). A special clarity criterion would require the agency to support its decisions by more than the statutorily designated substantial evidence burden. As such, the district court applied an improper standard. *See Hays*, 907 F.2d at 1456.

There may be situations where inconsistencies within the agency call the VE's credibility into question and thus require remand. *See Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 392-94 (7th

Cir. 1992) (concluding that the agency failed to provide sufficient articulation for reviewing court to determine whether substantial evidence supported the ALJ who had relied on the VE's testimony when Social Security Appeals Council had made findings at another step of eligibility determination contrary to those of the VE, thus raising questions about the VE's general credibility). Indeed, this circuit requires remand when an ALJ has relied on improper VE testimony. *English v. Shalala*, 10 F.3d 1080, 1084-85 (4th Cir. 1993); *see also Young*, 957 F.2d at 389, 392 (indicating that, although an ALJ's credibility determinations are entitled to considerable weight, a VE's obvious lack of credibility detracts from the weight of the evidence). Still, no extra-statutory standard of clarity has been established and the measure remains one of substantial evidence.

Furthermore, in this case, there is no contradiction between SSR 83-12 and the ALJ's findings regarding Walls' ability to perform a significant number of jobs in the national economy. The Ruling acknowledges that there are jobs that allow sit/stand options. It directs the agency to consult with a VE to assess the impact of that option on the occupation base. The Ruling does not prescribe a formula for assessing what jobs are available, and the VE's inclusion of sedentary jobs does not mean he disregarded SSR 83-12's recognition that a sit/stand option negatively impacts the number of unskilled jobs available.

Nevertheless, even if this case called for some sort of heightened clarity, it would have been satisfied. Although the ALJ presented the various hypotheticals in a somewhat amalgamated approach, it is clear that the VE knew he was responding to the ALJ's instruction to provide for no prolonged walking and standing and allow for a sit/stand option at the claimant's discretion. The VE specified that he was reacting to hypothetical three, the hypothetical containing the sit/stand option, when he eliminated all medium jobs, reduced the light jobs by fifty percent, and kept all sedentary jobs.

## III.

The ALJ consulted with a VE about the implications of the sit/stand option on the occupational base and the VE adjusted certain job categories accordingly and left one unchanged, thus indicating

that he responded to the ALJ's directive concerning the option. The ALJ was entitled to rely on the VE's calculations. We therefore affirm the Commissioner's final order.

*AFFIRMED*