Barbara A. REECE, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. 2:04–cv–23223–PMD–RSC.

United States District Court, D. South Carolina, Charleston Division.

Jan. 12, 2006.

United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that the Commissioner's final decision be reversed and remanded for an award of benefits. The Commissioner timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R & R within ten days after being served with a copy).

## BACKGROUND

Reece was born May 5, 1939 and has a ninth grade education. In the relevant past, she has worked as a machine tender and hand packer for Sara Lee Hosiery. She allegedly became disabled on November 17, 1999, due to the residual effects of a stroke, prior heart attack, and a right leg fracture. Reece has left side parasthesias, right leg pain, poor memory and vision problems. Additionally, Reece suffers from depression, colitis, and arthritis that affects all her joints, particularly her hands.

Reece filed applications for SSIB on February 27, 2001, and for a period of disability and DIBs on March 5, 2001, alleging disability commencing November 17, 1999. (Tr. at 129–31.) Her applications were denied initially on June 27, 2001, and upon reconsideration on February 20, 2002. (Tr. at 105–10, 113–15.) An Administrative Law Judge ("ALJ") issued an unfavorable decision on August 29, 2003, finding Reece was not disabled. (Tr. at 84–98.) On December 1, 2003, the Appeals Council remanded this decision for reconsideration, ordering the ALJ to review updated records from Reece's treating sources, evaluate her mental impairments, give further consideration to the non-examining source opinions, obtain Reece's maximum residual functional ca-

John Shannon Nichols, Bluestein and Nichols, Columbia, SC, for Plaintiff.

Robert F. Daley, Jr., U.S. Attorneys Office, Columbia, SC, for Defendant.

### ORDER

DUFFY, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified at 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision, which denied Barbara A. Reece's ("Reece") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSIB"). The record includes a Report and Recommendation ("R & R") of the

pacity, and, if needed, obtain evidence from a vocational expert. (Tr. at 124.)

On April 13, 2004, an ALJ issued a decision finding Reece was not disabled because she retained the residual functional capacity for unskilled medium work and could perform past relevant work as a hand packer. (Tr. at 18–27.) The Appeals Council denied Reece's request to review the ALJ's decision, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review under section 205(g) of the Act. (Tr. at 8–10.)

In December 2004, Reece filed a complaint requesting judicial review before this court. On November 4, 2005, Magistrate Judge Robert S. Carr recommended that this case be remanded for the payment of benefits. The Commissioner has filed objections to this R & R.

## ANALYSIS

### I. Magistrate Judge's R & R

■ The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court reviews *de novo* those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, including the R & R and the Commissioner's objections. Pursuant to this review, the court concludes that the Magistrate made an inaccurate recommendation. Accordingly, the court rejects the recommendation of the Magistrate and affirms the Commissioner's final decision to deny benefits.

## II. Standard of Review

■ The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). "Consequently, judicial review ... of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir.2002). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.2001) (alteration in original).

## DISCUSSION

### I. Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro,* 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform, considering the claimant's medical condition, functional limitations, age, education, and work experience. *See Walls,* 296 F.3d at 290.

Applying this framework, the ALJ found that Reece met the disability insured status requirements, that she has not engaged in substantial gainful activity since her onset date, that her impairments, considered alone or in combination, are severe but do not meet or equal a listing impairment, that she retains the residual functional capacity to perform unskilled medium [1] work, and that these impairments do not preclude her from returning to her past relevant work as a hand packer.[2]

## II. R & R and Objections

Upon reviewing the ALJ's report, adopted as the Commissioner's final decision, the Magistrate Judge found that it was flawed in that (1) the ALJ's finding that Plaintiff had no restrictions on her activities of daily living was inconsistent with the finding that her depression was "severe," and that (2) the ALJ did not consider the findings of the State agency psychologists. The Magistrate therefore recommended that (3) the ALJ's decision be reversed for the payment of benefits. (R & R at 15–18.) The court considers each of these points in turn:

---

**1.** According to 20 CFR § 404.1567, "medium work" involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If the claimant can do medium work, he or she can also do sedentary and light work. Neither the Magistrate Judge nor Reese make any objection to the ALJ's determination that Reece's physical impairments did not prevent her from performing "medium" work.

**2.** This past relevant work, as Reece describes it and as described by the *Dictionary of Occupational Titles,* is light, unskilled work. (Tr. at 26.)

**(1) Is the ALJ's determination that Reece's depression causes no restrictions on her daily activities inconsistent with a finding that such mental impairment is severe?**

The ALJ found that Reece "(1) has no restrictions in her activities of daily living; (2) has no difficulties in maintaining social functioning; (3) has moderate difficulties in maintaining concentration, persistence of pace; and (4) has not had episodes of deterioration or decompensation in work settings." (Tr. at 26.) These four criteria are the functional limitations that the ALJ must measure in determining the severity of a claimant's mental impairment. The ALJ's determination that Reese suffers from only mild functional limitations is supported by Dr. King's June 22, 2001, mental impairment evaluation. (Tr. at 407, Exhibit 18F.)

The Magistrate Judge notes that under the criteria for evaluating mental impairments under 20 CFR 404.1520a, "if [the ALJ rates] the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, [he] will generally conclude that [the claimant's] impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." The Magistrate Judge therefore found that the ALJ's determination that Reece had only mild functional limitations was inconsistent with his later finding that her depression was "severe." (Tr. at 27, finding no. 3.) The Magistrate Judge therefore found that this inconsistency requires "some explanation ... with regard to the non-exertional impact on vocational ability and possibly requires the testimony of a vocational expert." (R & R at 16.)

■ The court does not agree that the ALJ's determination of mild functional limitation is inconsistent with a finding that the claimant's depression is "severe." As the regulations make clear, even a finding of none or mild functional limitations will support a finding of severe impairment where the "evidence otherwise indicates that there is more than minimal limitation" in the claimant's ability to "do basic work activities." 20 CFR 404.1520a. According to 20 CFR § 404.1521,

> When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—
>
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) *Understanding, carrying out, and remembering simple instructions;* (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting.

Thus, while Reece has mild or no functional limitations, her moderate inability to carry out detailed instructions and maintain attention for extended periods (Tr. at 411) can affect her ability to perform basic work activities so as to support a finding that her depression is severe. (Tr. at 21 (finding that Reece's depression related to her pain caused problems with concentration and poor energy).) Therefore, despite the ALJ's finding that claimant suffered only mild functional limitations, because the record contains substantial evidence that claimant's depression affected her ability to perform basic work activities, the ALJ correctly found that her depression was severe. Accordingly, the ALJ's findings are not inconsistent such that remand is appropriate.

**(2) Did the ALJ properly considered the opinions of the state agency psychologists?**

■ Contrary to the Magistrate Judge's finding (R & R at 16), the ALJ properly

considered the opinions of the state agency psychologist as directed by the Appeals Council. (Tr. at 26.) Following a psychiatric review on June 22, 2001, the state agency psychologist, Dr. Kevin King, reported that Reece's "major depressive disorder, single episode, moderate" caused her to suffer from sleep disturbance, difficulty concentrating, and decreased energy. (Tr. at 400.) He further found that these symptoms cause her only a mild restriction of daily living and social functioning and moderately restrict her ability to maintain concentration, persistence, or pace. (Tr. at 407.) Dr. King concludes his report by writing:

> The claimant can understand, remember, and carry out short, simple instructions, but may have difficulty with detailed ones. Can attend to a simple task for an extended period with minimal supervision. Can interact appropriately with the general public. Can ask simple questions for clarification, and can seek assistance as necessary. Can maintain acceptable standards of neatness and cleanliness. Can use public transportation, and recognize and avoid normal workplace hazards.

(Tr. at 413.) These findings constitute the entirety of the state agency's psychologist's report regarding the effects of Reece's depression.

The ALJ's decision does not refer to this report explicitly; however, the ALJ specifically asserts that "my conclusion that [Plaintiff] is able to perform work activities is supported by the state agency physicians who review [Plaintiff's] file and by the physicians who saw the [Plaintiff] on a consultative basis." (Tr. at 26.) Further, Dr. King's report serves as evidence that substantially support's the ALJ's finding that Reece is capable of performing unskilled work.[3] (Tr. at 27.) Accordingly,

because the state agency psychologist's report supports the ALJ's decision, and because the ALJ purports to rely upon this report, the ALJ's failure to specifically list the psychologist's conclusions in his findings is not fatal to the validity of his decision.

**(3) Should the Commissioner's final decision to deny benefits be reversed?**

■ Because he finds that the ALJ did not properly consider the state psychologist's report, the Magistrate Judge counsels the court to reverse the Commissioner's final decision and grant benefits. As discussed above, the court does not agree with this recommendation. The state psychologist's report supports, rather than undermines, the ALJ's findings. As such, even if the ALJ did fail to consider this report, consideration of it upon remand would not change the ultimate outcome of the case. Dr. King lists all of Reece's functional limitations as mild or moderate and ultimately recommends that she is capable of performing a "simple task for an extended period with minimal supervision." (Tr. at 413.) This report constitutes substantial evidence supporting the ALJ's determination that Reece's mental impairment does not prevent her from performing unskilled work.

Further, the court finds that substantial evidence supports the ALJ's determination that Reece suffers from severe mental and physical impairments, but is still capable of performing her past relevant work as a hand packer. Accordingly, the court affirms the Commissioner's decision to deny benefits because Reece is not disabled as meant under the terms of the Act.

---

**3.** According to 20 CFR § 404.1568, "unskilled work is work which needs little or no

judgment to do simple duties that can be learned on the job in a short period of time."

## CONCLUSION

After a careful examination of the record as a whole, the court concludes that the ALJ's decision to deny benefits was supported by substantial evidence. It is, therefore, **ORDERED,** for the foregoing reasons, that the Commissioner's denial of benefits is **AFFIRMED.**

**AND IT IS SO ORDERED.**