Edward W. DAVIS, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 4:08–CV–158–BO.

United States District Court, E.D. North Carolina, Eastern Division.

Aug. 21, 2009.

Elizabeth F. Lunn, Gentry Case Merritts Hogan, Wolf & Hogan, P.C., Raleigh, NC, for Plaintiff.

Charlene P. Bellinger–Honig, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on July 21, 2009, at Raleigh, and the matter is now ripe for ruling. For the reasons discussed below, Plaintiff's Motion is GRANTED, Defendant's Motion is DENIED, and the decision of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff filed for a period of disability, disability insurance benefits, and supplemental security income in November, 2001.[1] After Plaintiff's claims were denied both initially and upon review, a hearing was held before an Administrative Law Judge ("ALJ") on March 2, 2004. The ALJ concluded that Plaintiff was not disabled under the law. The Appeals Counsel granted Plaintiff's request for review, vacated the ALJ's decision, and remanded the case for a new hearing. A second hearing was held before a different ALJ who also concluded that Plaintiff was not disabled under the law. The Appeals Council denied Plaintiff's second request for review and Plaintiff filed the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of the evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must not substitute its judgment for that of the Commissioner's if the Commissioner's decision is supported by substantial evidence. *Hays,* 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impact, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed

---

1. Plaintiff filed protectively for supplemental security income on November 5, 2001, and filed for a period of disability and disability insurance benefits on November 14, 2001. Plaintiff's original onset date of June 7, 2001, was later amended to April 4, 2002.

by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period. The ALJ found that Plaintiff's impairments of cervical disc disease, myofascial pain syndrome, fibromyalgia, thyroid disorder, GERD, and depressive disorder were severe at step two, but did not meet or equal a listing at step three. At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a welder/fitter and welding supervisor. However, the Plaintiff was found able to perform jobs that exist in significant numbers in the national economy at step five.

Plaintiff's first hearing before an ALJ was held on March 2, 2004. The ALJ found that Plaintiff had a residual functional capacity (RFC) to perform a limited range of light, unskilled work. Because Plaintiff could not perform all or substantially all of the exertional and/or non-exertional demands of light work, the ALJ relied on a vocational expert (VE) to determine whether or not there were jobs that Plaintiff could perform given his RFC and other vocational factors. The VE testified in response to a hypothetical posed by the ALJ that someone with Plaintiff's age, education, work experience, and limitations could perform three jobs: photocopy machine operator, office helper, and file clerk. Tr. at 465. The VE testified that there

were 800 to 1,000 photocopy machine operator jobs, 1 to 2,000 office helper jobs, and 1 to 2,000 file clerk jobs in the state. *Id.* Each job was identified as having 50 to 100,000 positions nationally. *Id.*

Plaintiff's second hearing before an ALJ was held on January 19, 2006. The second ALJ, relying heavily on the vacated opinion of the first ALJ, also found that Plaintiff had an RFC to perform a limited range of light, unskilled work. A different VE was present at Plaintiff's second hearing, but the second ALJ relied only on the record of the testimony of the VE present at the first hearing and asked no questions of the VE present at the second hearing.[2] Tr. at 26–27, 482. The second ALJ found that, based on the record of the testimony of the first VE, Plaintiff could perform work that existed in significant numbers in the national economy and, therefore, found Plaintiff not disabled.

 If a claimant is found unable to perform his past work at step four, the burden shifts at step five to the Commissioner to show that the claimant can perform other work. 20 C.F.R. § 404.1560(c)(2); *Walls v. Barnhart,* 296 F.3d 287, 290 (4th Cir.2002). The primary role of a VE is to assist an ALJ at step five in determining whether there are other jobs that the claimant could perform and whether those jobs exist in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 404.1566(e); *see also Smith v. Califano,* 592 F.2d 1235, 1236 (4th Cir.1979) ("Ordinarily, the testimony of a vocational expert is required in order to support a finding that alternate jobs which the claimant can do exist in the nation's economy.").

**2.** The second ALJ's failure to question the VE present at the second hearing was in error; continued reliance on testimony by an earlier VE whose testimony was relied upon in a vacated decision prevents the ALJ from offering different hypotheticals for consideration and denies the claimant an opportunity to examine the VE in light of the decision of the Appeals Council.

 Testimony by a VE regarding whether the claimant can perform other work is relevant to an ALJ's inquiry only if it is "in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir.1989). In other words, if an ALJ's hypothetical fails to capture who the claimant is and what he can and cannot do, then the testimony of a VE has no bearing on an ALJ's inquiry as to whether there are other jobs the claimant can perform. If the testimony of a VE as to whether or not a claimant can perform other work is required to be relevant, it necessarily follows that testimony by a VE regarding whether jobs that a claimant can perform exist in significant numbers in the national economy must also be relevant. Such testimony is only relevant to an ALJ's inquiry if it reflects the number of jobs in existence at the time of the hearing; an ALJ's decision is helped no more by learning how many jobs were in existence prior to the hearing than it is by information about jobs which, given his limitations and impairments, the claimant could not perform.

 The decision of the Commissioner shall be upheld if supported by substantial evidence, 42 U.S.C. § 405(g), and substantial evidence is defined by the regulations as "such *relevant* evidence as a reasonable person might accept as adequate to support a conclusion." 20 C.F.R. § 405.5 (emphasis added). In the instant matter, the second ALJ based his determination at step five in part on testimony that jobs that Plaintiff could perform were in existence in significant numbers at a time prior to the hearing. As the evidence upon which the ALJ based his decision was not relevant, and the ALJ offered no other support for his conclusion,[3] the court finds that the Commissioner has failed to carry his burden at step 5.[4]

Accordingly, for the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED, Defendant's Motion for Judgment on the Pleadings is DENIED, and the decision of the Commissioner is REVERSED.

---

**3.** *See Wilson v. Heckler,* 743 F.2d 218, 222 (4th Cir.1984).

**4.** "If work that you can do does not exist in the national economy, we will determine that you are disabled." 20 C.F.R. 404.1566(b).