**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-2177**

JUANITA BRITT,

        Plaintiff - Appellant,

    v.

ANDREW M. SAUL, Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:18-cv-00107-FL)

Argued:  January 27, 2021                           Decided:  May 28, 2021

Before KING, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished opinion.  Judge Richardson wrote the opinion, in which Judge King and Judge Keenan joined.

**ARGUED:**  William Lee Davis, III, Lumberton, North Carolina, for Appellant.  Jillian Elizabeth Quick, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Cassia W. Parson, Special Assistant United States Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Robert J. Higdon, Jr., United States Attorney, Joshua B. Royster, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

RICHARDSON, Circuit Judge:

Juanita Britt appeals the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income. Because we conclude the administrative law judge appropriately weighed the medical evidence, conducted a function-by-function analysis of Britt's limitations that permits meaningful judicial review, and asked a proper hypothetical question to the vocational expert, we affirm.

## I. Background

### A. Legal framework

To receive social security disability benefits under the Social Security Act, a plaintiff has the burden of proving disability. The Act defines disability as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a). To make a disability determination, a Social Security adjudicator goes through a sequential five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the claimant must show that she was not engaged in "substantial gainful activity" at the relevant time. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If she was engaged in "substantial gainful activity," she is not disabled and the inquiry ends. 20 C.F.R. §§ 404.1520(b), 416.920(b). But where the claimant is not so engaged, the analysis goes on to step two.

A claimant passing step one must, at step two, show a "severe" medical impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe" impairment is one that significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Without a severe impairment, the inquiry ends.

A claimant with a severe impairment can then show disability, at step three, if her impairments meet or medically equal a "listed" impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1 (listed impairments); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1520(d), 416.920(d), 404.1525, 404.1526. An impairment that meets or equals a listed impairment establishes disability without more, so long as the impairment has lasted or is expected to last for at least 12 months, unless death is expected. 20 C.F.R. §§ 404.1509, 416.909. Thus, if the impairment meets or equals a listed impairment and satisfies the duration requirement, then the claimant is disabled, and the inquiry ends.

If the claimant is not found disabled at step three, then the inquiry goes on to step four. There, the Social Security adjudicator will first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(iv), (e); 20 C.F.R. § 416.920(a)(iv), (e). A claimant's residual functional capacity is her ability to do physical and mental work activities on a sustained basis. *See* 20 C.F.R. § 404.1545(a)(1) (A claimant's "residual functional capacity is the most [she] can still do despite [her] limitations."). It must account for all of the claimant's impairments, including those that are not severe or fail to meet a listed impairment. 20 C.F.R. §§ 404.1520(e), 416.920(e), 404.1545(a)(2), 416.945(a)(2); SSR 96-8P, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996).

Based on the claimant's residual functional capacity, the claimant must show at step four that she cannot perform the requirements of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If she can, then she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

At step five, the burden shifts to the government to show the claimant has the residual functional capacity—considering her age, education, work experience—to engage in gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)–(B); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Monroe v. Colvin*, 826 F.3d 176, 180 (4th Cir. 2016). If she can, then she is not disabled. But if she cannot and she meets the duration requirement, then she is disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

## B.    Administrative law judge hearing and decision

Britt applied for disability insurance benefits and supplemental security income in June 2014. The government denied Britt's claims and denied her requested reconsideration. She then sought a hearing before an administrative law judge.

Britt submitted evidence showing diagnoses of chronic pain, plantar fasciitis, chronic fatigue, abdominal pain, gastropharongeal reflux disease ("reflux"), irritable bowel syndrome ("irritable bowel"), constipation, rectal bleeding, bone spurs, achilles tendonitis, depression, anxiety, and post-traumatic stress disorder.

The administrative law judge followed the required five-step sequential inquiry and found that Britt was not disabled. At step one, the judge found that Britt had not performed substantial gainful activity since she alleged that she became disabled in June 2014. At

4

step two, the judge found that Britt had severe impairments of an irritable bowel, bone spurs, bilateral plantar fasciitis, and major depressive disorder. But the judge determined Britt's chronic pain, reflux, and hypothyroidism were non-severe. At step three, the judge found that Britt's impairments did not, individually or in combination, meet or medically equal a listed impairment. Before proceeding to step four, the judge set out Britt's residual functional capacity:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), subject to the following additional limitations: never climb ladders, ropes, or scaffolds; occasionally kneel, crouch, crawl, climb ramps/stairs, balance, and stoop; avoid all exposure to hazardous machinery and unprotected heights; frequent bilateral gross and fine manipulation; and sitting or standing as desired, such as in bench work occupations. Mentally, the claimant is limited to simple, routine tasks with occasional interaction with the public and co-workers, and occasional over the shoulder supervision.

A.R. 46–47.

Proceeding to step four, the judge found that Britt could no longer keep up with the demands of her past relevant work as a fast food worker, cake decorator, or cook helper. Finally, at step five, the judge found that Britt could perform jobs that existed in significant numbers in the national economy. In making this step-five determination, the administrative law judge hypothetically asked a vocational expert if jobs existed for a person with Britt's age, education, work experience, and residual functional capacity. The vocational expert testified that there were light, unskilled occupations for such a person, including hospital product assembler, inspector, hand packager, and small parts assembler. The judge thus concluded that Britt was not disabled under the Act.

5

## C. District court proceedings

Britt challenged the agency action denying her benefits. *See* 42 U.S.C. § 405(g). After both parties moved for judgment on the pleadings, the magistrate judge recommended affirming the agency's action.

The magistrate judge rejected Britt's first allegation—that the administrative law judge failed to assign weight to Britt's medical opinion evidence—because the administrative judge was only required to "assign weight to medical opinions, not medical evidence" and the "records cited by [Britt] do not contain medical opinions." J.A. 61. The magistrate judge then rejected Britt's second allegation—that the administrative judge failed to provide a "function-by-function" narrative explaining how the evidence supported his conclusions and also failed to consider the entire record—explaining that the discussion of the residual-functional-capacity finding permitted meaningful review. Finally, the magistrate judge rejected Britt's claim that the administrative judge failed to include all her limitations and restrictions in the hypothetical question to the vocational expert, concluding that the question included all the limitations supported by the record. So the magistrate judge recommended affirming the agency decision denying benefits.

The district court, reviewing de novo the magistrate judge's recommendation, agreed and denied Britt's motion for judgment on the pleadings and granted the Commissioner's motion. The district court held that the agency applied the proper legal standards and that substantial evidence supported the factual findings. Britt timely appealed, and we have jurisdiction. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 1291.

6

## II.    Discussion

We review de novo a district court's decision on a motion for judgment on the pleadings. *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). But our review of the agency action is circumscribed. 42 U.S.C. § 405(g). We must affirm a disability determination so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Mascio*, 780 F.3d at 634. Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). It consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

### A.    Evaluation of medical evidence

On appeal, Britt mainly challenges the administrative law judge's alleged failure to properly evaluate and assign weight to the opinions of her treating physicians and mental-health professionals.

Throughout the five-step evaluation process, the agency must evaluate every medical opinion received, regardless of the source. 20 C.F.R. §§ 404.1527(c), 416.927(c); *see Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 384 (4th Cir. 2021).[1] In general,

---

[1] "Several years ago, new rules were promulgated altering the way in which the Commissioner evaluates medical opinion evidence. Because these new rules apply only to (Continued)

the administrative judge should give more weight to the opinion of an *examining* medical source than to the opinion of a non-examining source. §§ 404.1527(c), 416.927(c). And "more weight" is also given to opinions of *treating* sources[2]—who have provided ongoing treatment, equipping them with the ability to provide "a detailed, longitudinal picture" of a claimant's alleged disability—than non-treating sources, such as consultative examiners. §§ 404.1527(c), 416.927(c); *see Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020); *Dowling*, 986 F.3d at 384. Weighing other evidence, including medical evidence that is not a medical opinion, remains largely within the province of the administrative law judge. *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).

The administrative law judge must afford this greater weight only to a medical *opinion* from a treating physician, not all medical evidence in a physician's file or statement. 20 C.F.R. §§ 404.1527(c), 416.927(c); *see Dowling*, 986 F.3d at 384; *Arakas*, 983 F.3d at 106–07. Medical opinions are "statements from acceptable medical sources that reflect *judgments* about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis, and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 414.927(a)(1) (emphasis added); *see also Brown v. Comm'r Soc.*

<hr />

claims filed 'on or after March 27, 2017,' they have no impact on [Britt's] case." *Barbare v. Saul*, 816 F. App'x 828, 832 n.2 (4th Cir. 2020) (quoting 20 C.F.R. § 404.1520c).

[2] A treating source is "your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

*Sec. Admin.*, 873 F.3d 251, 271 (4th Cir. 2017) (finding a doctor's "interpretation of the MRI and conclusion that it showed an impairment" to be a "medical opinion"). It is the medical opinion—reflecting medical judgment about the nature and severity of a claimant's symptoms, diagnoses, or limitations—and not statements recounting facts or a claimant's subjective complaints that is entitled to greater weight.

The information on which Britt seeks to rely—such as mere observations and her recorded subjective complaints during office visits—contains no medical judgment, which is the essence of medical opinions. Many documents Britt cites merely record the symptoms Britt has reported feeling and state past diagnoses, among other information Britt does not specifically discuss. *See* A.R. 408–22. But these recitations need not be given dispositive weight. Because the administrative law judge need only evaluate and attribute weight to a treating doctor's medical *opinions*, there was no reversible error in failing to assign weight to this medical *evidence*.

For example, in one report from Southeastern Regional Physician Services, the physician recorded that Britt had lower abdominal pain radiating to her back, that she was experiencing rectal bleeding, and that she had previously been diagnosed with anemia. *See* A.R. 437. But this is the physician's summary of Britt's descriptions of symptoms and past diagnoses, not medical opinions, as the doctor exercised no judgment in describing those matters. While the report also includes a diagnosis of rectal bleeding and constipation, the administrative law judge gave that weight, acknowledging this diagnosis in his decision. *See* A.R. 48. Looking to a Cape Fear Podiatry Associates report, a physician diagnosed Britt with plantar fasciitis, stated that she had a pins and needle type

9

sensation in the medical band of the plantar facia, and prescribed her a dancer's pad. *See* A.R. 432. And again, the administrative law judge accepted the diagnosis of plantar fasciitis, finding it to be a severe impairment. *See* J.A. 44. Britt also directs us to Dr. Patrick Ricotta's report which noted that Britt had trouble being independent and could not work based on her pain level of 8/10. *See* A.R. 686–88. Yet this information was recorded under the "Subjective Examination" section, which records Britt's subjective assessment of her abilities, lacking any judgment from an acceptable medical source. *See* A.R. 686. In contrast, the report included a section labeled "Objective Examination"—which explains the results of certain tests conducted—and a section labeled "Assessment" where Dr. Ricotta explicitly said, "In my professional opinion, this patient requires skilled psychical therapy . . . Overall rehabilitation potential is good." J.A. 686–87.

Ultimately, Britt's assertion that the administrative law judge erred by failing to assign more weight to the opinions of her treating physicians and mental health professionals lacks merit. What opinions she did submit, the administrative law judge appropriately weighed. The agency must consider the entire record, but is only *required* to attribute weight to medical opinions in the record. And that was done. We need not reweigh the non-medical-opinion evidence Britt identifies in her brief. *Shinaberry*, 952 F.3d at 123.

### B. Residual functional capacity

An individual's residual functional capacity is the capacity she possesses despite the limitations caused by impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It depends on all relevant medical evidence and other record evidence, including a claimant's

own description of her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). When a claimant has several impairments, including non-severe impairments, the administrative law judge must consider their cumulative effect in making a disability determination. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see Hines v. Brown*, 872 F.2d 56, 59 (4th Cir. 1989) (citations omitted) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments.").

The administrative law judge "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Mascio*, 780 F.3d at 636 (internal quotation marks omitted). The assessment must also include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." *Id.* (quoting SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). "Only after such a function-by-function analysis" can the residual functional capacity be expressed "'in terms of the exertional levels of work.'" *Monroe*, 826 F.3d at 179 (quoting *Mascio*, 780 F.3d at 636); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (observing that the administrative law judge must "build an accurate and logical bridge from [that] evidence to his conclusion" (quoting *Monroe*, 826 F.3d at 189)).

Even so, we have rejected "a per se rule requiring remand when the [administrative law judge] does not perform an explicit function-by-function analysis." *Mascio*, 780 F.3d at 636 (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Rather, we explained

11

that "[r]emand may be appropriate" where the administrative law judge "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the [administrative law judge's] analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). Meaningful review is frustrated—and remand necessary—only where "we are unable to fathom the [] rationale in relation to evidence in the record." *Cichocki*, 729 F.3d at 177 (internal quotation marks omitted).

Here, the administrative law judge's assessment of Britt's residual functional capacity does not frustrate meaningful review. The administrative law judge considered all the evidence when determining which limitations should account for Britt's impairments. And he adequately explained his reasons for imposing certain mental and physical limitations. While the administrative law judge did not specifically address Britt's chronic pain, reflux, and hypothyroidism in the residual-functional-capacity analysis, neither our caselaw nor the regulations explicitly require this. The judge is only required to *consider* these non-severe impairments. And even if specifically addressing these impairments was required, our review is not frustrated by this omission as these impairments were addressed under step two and deemed to be non-severe limitations. *See* A.R. 45 ("Specifically, the claimant was reportedly treated at the pain clinic for her chronic pain, and her [reflux] is managed with prescription Dexilant. Treatment notes indicate that her hypothyroidism is stable." (internal citations omitted)). The discussion in step-two that these limitations had a minimal impact on vocation and were being managed tells us what impact these limitations had in the residual-functional-capacity analysis. We can conduct

12

a meaningful review without making an administrative law judge repeat himself. Thus, we find the administrative law judge's analysis to be proper here.[3]

## C.    Hypothetical

Lastly, Britt argues that the administrative law judge presented a legally insufficient hypothetical to the vocational expert. A vocational expert may be used at steps four and five to assist "in determining whether there is work available in the national economy which this particular claimant can perform." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). For a vocational expert's opinion to be "relevant or helpful," it must be responsive to a proper hypothetical question. *Id.* A proper hypothetical question "fairly set[s] out all of claimant's impairments" that the record supports. *Id.* Put another way, for our review an administrative law judge can rely on the answer to a hypothetical question so long as the question "adequately reflect[s]" a residual functional capacity that is supported by sufficient evidence. *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005); *Mascio*, 780 F.3d at 638 (noting that a hypothetical question that includes a correctly determined residual functional capacity is a proper hypothetical).

_____

[3] The administrative law judge found Britt to have a mild impairment in concentration, persistence, and pace but did not address her ability to stay on task in his residual-functional-capacity analysis or explain why he did not think it necessary to include it. It is unclear whether an administrative law judge must specifically address a claimant's *mild* impairment in concentration, persistence, or pace in the residual-functional-capacity analysis. *See Mascio*, 780 F.3d at 638. But Britt failed to raise this issue before the agency and the district court. So we do not consider it. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 242 (4th Cir. 2009) ("Absent exceptional circumstances, . . . we do not consider issues raised for the first time on appeal." (quoting *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 603 (4th Cir. 2004))).

Britt argues that the administrative law judge's hypothetical question to the vocational expert did not include "all of [her] limitations and restrictions, as well as her impairments." Appellant's Opening Br. 24. But the hypothetical question need not list each impairment; it need only give the claimant's age, education, experience, and residual functional capacity. *See Mascio*, 780 F.3d at 637–38. And the hypothetical did so here. So Britt's argument on appeal fails.

While the argument Britt raises fails, we independently note a discrepancy existed between the administrative law judge's residual-functional-capacity finding and the hypothetical question posed. After the vocational expert was asked the hypothetical question considering the claimant's age, education, experience, and residual functional capacity, the expert asked for clarification on whether Britt could maintain a standing or sitting position for at least 30 minutes. A.R. 95–96. Recalling Britt's earlier testimony that she could stand for an hour and then sit for 30 minutes, *see* A.R. 76, the administrative law judge answered that Britt could stand for an hour and then would need to sit for a half hour. But the administrative law judge had defined Britt's residual functional capacity as permitting her to sit and stand "as desired." A.R. 46. Whether the administrative law judge was permitted, as part of the hypothetical question, to supplement his residual-functional-capacity finding with the claimant's own testimony presents an interesting question. But Britt failed to raise this objection to the hypothetical before the administrative law judge. And before the district court, Britt made no such argument. And on appeal to this Court, Britt failed to assert it. As this challenge to the hypothetical was not raised during any of these opportunities, we may not identify the issue for her and address its merits. *See*

14

*Shinaberry v. Saul*, 952 F.3d 113, 124 n.5 (4th Cir. 2020) (a claimant waives issues not presented to the district court and not properly presented on appeal).

*          *          *

The administrative law judge thoughtfully considered and analyzed Britt's impairments throughout the five-step sequential evaluation process. Our narrow scope of review prevents us from disturbing the administrative law judge's decision here. The judgment below is therefore

AFFIRMED.